WALLACE C. ABBOTT, Defendant in Error, vs. CARL A. ANDERSON et al. Plaintiffs in Error.

*Opinion filed October 16, 1914—Rehearing denied Dec. 3, 1914.*

1. PARTNERSHIP—*in Illinois a partnership is not considered a legal entity distinct from members of the firm.* The theory that a partnership is a legal entity distinct from and independent of the persons composing it is not recognized as the law in Illinois, and even the marshaling of assets, so as to apply the assets of the firm to the payment of firm debts and the individual assets to the payment of the individual debts of the several partners, is not recognized or enforced in a court of law but is a rule of equity founded on the equities of creditors.

2. SAME—*rule where a bankruptcy proceeding is against a partnership.* In an involuntary proceeding where the act of bankruptcy charged is one involving the insolvency of a partnership, there can be no adjudication against the partnership unless it and all its members are insolvent, and upon an adjudication of insolvency the assets of all the partners should be turned into the proceeding for administration.

3. BANKRUPTCY—*creditors of firm have a right to have assets of partners brought in.* Where a partnership is adjudged a bankrupt in an involuntary proceeding creditors have the right to have the assets of the partners, individually, brought into the administration, and any surplus above the payment of the individual debts of the partners will be assets of the firm for the payment of claims against it.

4. SAME—*when individual partners of bankrupt firm are not liable to creditors accepting offer of composition.* Where a partnership is adjudged bankrupt, and the creditors of the firm, instead of having the individual assets of the partners brought into the administration, accept an offer of composition under a mistaken view of the law that they could hold the individual partners liable for the balance on their claims, and without any promise by the partners to become so liable or any act upon their part amounting to an estoppel, the creditors cannot subsequently recover from the individual partners, in law or in equity, the balance remaining unpaid on their claims after the composition agreement has been carried out.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. CHARLES W. WALKER, Judge, presiding.

HUBERT E. PAGE, and NEWTON WYETH, for plaintiffs in error.

HERMAN FRANK, and HARRY J. LURIE, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Carl A. Anderson, and other persons and partnerships and a corporation, the plaintiffs in error, brought separate suits at law in the municipal court of Chicago against Wallace C. Abbott, the defendant in error, and nine other persons, who had been partners in a banking business at Ravenswood, in the city of Chicago, under the name and style of Ravenswood Exchange Bank, to recover alleged balances of claims against said bank above the dividends received in bankruptcy proceedings against the partnership. The defendant in error brought his suit in equity in the circuit court of Cook county to enjoin the prosecution of the suits of the plaintiffs in error and to restrain all other depositors of the bank from bringing and prosecuting suits against him and his partners. The bill alleged that all of the actions already brought, and numerous others threatened, depended upon the same questions of law and fact, and that the sole question of law was whether the discharge of the partnership in bankruptcy discharged the partners, individually, from the partnership debts. The power of the court of equity was invoked to avoid a multiplicity of suits and the delay and expense of litigation, by determining the question at issue in a single suit. The circuit court, upon a hearing, decided that the individual partners were discharged by the discharge in bankruptcy and entered a decree accordingly, and the Appellate Court for the First District affirmed the decree. The record is under review in this court in pursuance of a writ of *certiorari*.

The material facts are as follows: The complainant and nine others were partners under the name and style of Ravenswood Exchange Bank, doing a banking business, and on February 25, 1908, a number of the depositors filed in the district court of the United States for the northern district of Illinois, eastern division, their petition to have the complainant and his partners adjudged bankrupts. All of the partners appeared and were examined, and in the examination it appeared that some of the individual partners, including the complainant, had some pecuniary means and were not insolvent. On March 31, 1908, an order was entered declaring the partners, all of whom were named in the order, "co-partners trading as Ravenswood Exchange Bank," bankrupt. The partners filed a schedule of the property of the partnership but did not file any schedule of their individual property and they were not adjudicated bankrupt as individuals. They offered to the creditors of the partnership a composition of the claims by the payment of seventy-five cents on the dollar, which was accepted by a majority, in number and amount, of all the claims. The offer of composition contained this provision: "This composition, however, is made upon the following express terms and conditions: That in consideration of said offer of composition and the release of said creditors, and each of them, directly and indirectly, of and from liability for any costs taxable in the proceedings now pending, as aforesaid, in bankruptcy, and the proceedings pending, as aforesaid, in said circuit court of Cook county, and the payment to said creditors, and each of them, of the moneys due them under said composition when confirmed by said United States district court, said creditors, and each of them, do expressly accept said composition-payment in full satisfaction and discharge of any and all claims and demands of said creditors, and each and every one of them, in anywise or manner arising or accruing to them, and each of them, out of their respective claims against said Rav-

enswood Exchange Bank or against any of its past or present members, stockholders, shareholders, officers and directors." The defendant Carl A. Anderson and the other defendants, as creditors of the partnership, filed objections to the offer of composition, among which were the following:

"*Third*—The court has no jurisdiction of any of the past and present members, stockholders, shareholders, officers and directors of said bankrupt, and is therefore without power to confirm the acceptance of the offer as made.

"*Fourth*—The court has at this time no jurisdiction over the assets of the individual partners, as such, against which the creditors of the bankrupt concern have a legal right to pursue their remedy for any deficiency after a discharge in bankruptcy, either by composition or otherwise, and therefore the court is without power to compel a release of such assets from judgment and execution as conditioned in the offer of composition.

"*Fifth*—The court has no jurisdiction over the subject matter of the offer of composition as made, in this: That no one of the partners in his individual estate has been adjudicated a bankrupt, nor has any petition for such adjudication been filed in this or any other court. Such individual estates not, therefore, being bankrupt estates, this court, as a court in bankruptcy, has no jurisdiction over such solvent estates, and therefore no power to confirm the acceptance of the offer of composition."

The offer of composition, with the objections thereto, was referred to a referee and special master, who reported, as matter of law, that in his opinion adjudication of the firm as bankrupt did not draw after it an adjudication in bankruptcy of the partners; that a court of bankruptcy had no jurisdiction to summarily undertake and administer the individual estates of the solvent partners without their consent, and that creditors of a bankrupt partnership have a right to resort to suits to enforce against the individual

members the collection of deficiencies owing them after the partnership estate has been exhausted. From this view of the law he recommended that the offer of composition should be denied unless the bankrupt partnership elected, within a reasonable time, to strike out from its offer the proviso in question. The district court approved the report, and on motion of the bankrupt partnership gave leave to modify the offer by striking out the provision in question. The offer was modified accordingly, and the referee, after a hearing as to the facts, again made a report to the court, referring to his former report, the modification of the offer and the withdrawal of objections, and recommended that the acceptance by the creditors of the offer of composition be approved and confirmed. On June 10, 1908, the district court entered an order confirming the composition, and all of the creditors were paid the full amount of seventy-five cents on the dollar of their respective claims, pursuant to the terms of the composition.

The opinion of the referee as to the law, which was adopted by the district court, was derived from a decision of the circuit court of appeals in the case of *In re Berten-shaw*, 157 Fed. Rep. 363, (13 Ann. Cas. 986,) in which a trustee of three persons doing business as a firm, and who had been adjudged bankrupts, filed a petition, after the partnership property had been applied in partial payment of the claims, for an order upon one of the partners to turn over to him real estate owned by the partner individually. The referee found against the petition and the bankruptcy court confirmed the ruling. The circuit court of appeals held that a partnership is a distinct entity separate from the partners who compose it, and that it may be adjudged bankrupt although the partners who compose it are not so adjudicated; that where no partner is adjudged bankrupt the trustee has no power to enforce claims against any property except partnership property, and that partnership creditors may pursue partners who have not been adjudged

265 —19

bankrupt by action at law and suits in equity, and the discharge of the partnership where the partners are not adjudicated bankrupt does not discharge the partners from their liability for partnership debts. It appears from the first report of the referee that the decision in the *Bertenshaw case* was understood by all parties to be the law. Afterward the Supreme Court of the United States, in the case of *Francis* v. *McNeal*, 228 U. S. 695, determined the law adversely to the view of the referee and district court and in terms disapproved the decision of the circuit court of appeals. The decision was that a firm is not an entity distinct from its members, and that the individual liability of the members is not collateral, like that of a surety, but primary and direct; that the assumption of the Bankruptcy act was that the partnership and individual estates both would be administered except in the event of one or more, but not all, of the members of a partnership being adjudged bankrupt, and that it would be an anomaly to allow proceedings in bankruptcy against joint debtors, from some of whom, before, pending or after the proceeding, the debt could be collected in full. The court alluded to the consent of Francis to hand over his property, according to the order of the court, without being put into bankruptcy individually, and his failure to object if his case came within section 5*h* of the Bankruptcy act, but the principles declared were directly contrary to those stated in the *Bertenshaw case.*

The theory that a partnership is a legal entity distinct from and independent of the persons composing it has never been recognized in the law of this State. Even the marshaling of assets so as to apply the assets of the firm to the payment of firm debts and the individual assets to the payment of individual debts of the several partners is not recognized or enforced in a court of law but is a rule of equity, founded on the equities of creditors. (*Meadowcroft* v. *People*, 163 Ill. 56.) It would be impossible that

a firm should be insolvent while the members, out of whose individual assets debts of the firm could be collected, are solvent. It necessarily follows that in an involuntary proceeding, where the act of bankruptcy charged is one involving insolvency of the partnership, there can be no adjudication against the partnership unless it and all its members are insolvent, and upon an adjudication of insolvency the assets of all the partners are turned into the proceeding for administration. As the partnership composed of the individuals doing business under the name and style of Ravenswood Exchange Bank was adjudged bankrupt, the defendants in this suit, who were creditors, had the right to have the assets of the partners individually brought into the administration, and then a surplus above the payment of individual debts would have been assets of the firm for payment of claims. The offer of composition was accepted without the proviso that the partners, individually, should be discharged from partnership debts and without any stipulation or agreement that they should remain liable for such debts, so that the question of liability rested on the law. The mere fact that the referee, the district court and the parties had a mistaken view as to what the law was, would not be sufficient to create a legal liability which did not otherwise exist.

The defendants withdrew their objections to the composition upon the proviso being stricken out, and when it had been stricken out there was nothing to which the objections could apply. The objections were not withdrawn upon the faith of any agreement that the partners should remain individually liable for any deficiency or upon any agreement that the law was as understood by the referee and the court, and the only effect of striking out the proviso was to leave the composition to have its legal effect without any agreement on the subject. We do not find any ground of estoppel against the complainant. The examination of the partners had shown that some of them

were solvent and their individual assets might have been drawn into the administration, but the creditors preferred to accept the offer of composition merely from a mistaken view of the law.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*