NASHVILLE SADDLERY CO. *v.* GREEN *et al.*

[89 South. 816. No. 22028.]

1. BANKRUPTCY. *Bills and notes. Partnership. Partners individually liable for firm debts; partners indorsing partnership note individually are principals, and released by bankruptcy discharge.*
   Partners are liable individually for debts of the partnership; and, where the partners indorse individually a note given by the partnership, they are not sureties, but principals, and are re-

leased from all liability thereon by a bankrupt discharge as partners; such a note is considered an unsecured debt.

2. BANKRUPTCY.  *Creditor, failing to object to discharge, cannot complain of its irregularity in state court.*

   Where a creditor is present in the bankrupt court, and fails to object to the discharge of the partners because they failed to file a schedule of their individual property, but consents to a conposition and accepts the amount due thereunder after a confirmation by the court, he cannot afterwards, in a suit in a state court, complain of the irregularity of the discharge by the bankruptcy court, especially so where the order fully discharges the debt as to all of the partners as well as the partnership.

3. BANKRUPTCY.  *Where composition discharge released partners, it is immaterial whether partnership was treated as entity.*

   In such case it is immaterial whether or not the bankruptcy court treated the partnership as an "entity," because the partnership and partners, composing the partnership are released by the composition discharge, and no further liability whatever exists against the members of the partnership.

APPEAL from circuit court of Sunflower county.
HON. D. E. BEAMS, Judge.

Action by the Nashville Saddlery Company against B. J. Green and others as partners.  Judgment for the defendants, and plaintiff appeals.  Affirmed.

*Percy Bell,* for appellant.

Appellant perceives but two questions presented by this record for adjudication by this court: 1.  Were the partners ever adjudged bankrupts and relieved from the liability as endorsers? 2.  Are the endorsers relieved of their liability by a composition which has the effect of a discharge of the principals?

We take the position that in the first place there was never a proper adjudication of the bankrupts in this matter that the partnership was not a separate entity and could not legally have been adjudged a bankrupt unless the individual partner's estates were insufficient to pay the debts

of the partnership; that the whole proceedings were abortive and could not operate to relieve the sureties.

We take a further position that if the partnership was adjudicated a bankrupt and a composition was offered on its behalf and put through, that there was neither an adjudication of the partners nor a relieving of them and that the acceptance of the composition offered by the partnership, which is equivalent to a discharge, does not relieve the endorsers on the note as sureties. Collier on Bankruptcy (10 Ed.), page 152; *Francis* v. *McNeal,* 57 Law Ed. (U. S. Supreme Court), page 1029.

Would the discharge of a bankrupt have the effect of relieving the sureties and endorsers on the note of the bankrupt? To this there can be but one answer. In 7 C. J., page 346, section 598, we find the following: "An order confirming a composition cf creditors is in effect a discharge in bankruptcy and bars all remedies for the enforcement of claims by creditors whose claims are released by a discharge in bankruptcy either against the debtor or against his property but it does not discharge co-obligors or sureties of the bankrupt from their obligation."

This is sustained by other cases and so far as we know is the rule without exception. *Guild* v. *Butler,* 122 Mass. 498, 23 Am. Rep. 378; *Mason and Hamlin Organ Company* v. *Bancroft,* 1 Abb. N. C. 415; *Taylor* v. *Skiles,* 81 S. W. 1258, 113 Tenn. 288; *Pratt* v. *Chase,* 122 Mass. 262; *National Mt. Wollaston Bank* v. *Porter,* 122 Mass. 308; *Cilley* v. *Colby,* 61 N. H. 63; *Hill* v. *Trainer,* 49 Miss. 537; *Stauffer, Eshleman Company* v. *Abington Hardware and Furniture Co.,* So., page 202.

We submit that there was no proper bankruptcy proceedings at all; that the partners were never adjudicated or discharged and that, as they do not appear to have been insolvent personally, Mr. Prestidge stating that he is worth a hundred thousand dollars, that under proper proceedings, the debts of the partnership would have been paid in full but that if there was a discharge of the partnership that it certainly would not operate to relieve the sureties;

that the case should be reversed and judgment entered in this court for the amount due the appellant.

*Quinn, Guthrie & Cooper,* for appellee.

For at least fifty years in Mississippi it has been the law that each partner's separate property is liable to the payment of the partnership debts. We are of the opinion that counsel for the appellant loses sight of the very important fact that these sureties whom he seeks to hold liable, are the partners, who were released from liability. It may be that if some independent third party had indorsed the notes sued on, the discharge of the principal might not have discharged its surety. We are unwilling to concede this, however, as it occurs to us, the discharge of the principal from all liability would necessarily work as a discharge of the surety; we find the following statement of the Laws of 1910, supplement of Remington on Bankruptcy, page 157:

"Creditor consenting to bankrupt's composition releases surety.—Although the statute declares that discharge shall not release those secondarily liable for a bankrupt's debt, and although the confirmation of a composition is in effect a discharge, yet a creditor who voluntarily consents in writing to accept the bankrupt's offer of composition probably thereby releases the surety since he has himself directly contributed voluntarily to the principal debtor's release. *In re Benedict,* 18 A. B. R. 604 (ref. N. Y.)

Prior to 1913 there was much confusion among the authorities as to the *status* of a partnership in bankruptcy and of the individuals composing the partnership when the partnership was adjudged bankrupt, but in this the supreme court of the United States, speaking through Judge HOLMES, forever set at rest the law on this subject in the case of *Francis* v. *McNeal,* 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029.

We want to call the court's special attention to the case of *Abbott* v. *Anderson* (Ill.), 106 N. E. 782; *Meadowcraft* v. *People,* 613 Ill. 56, 45 N. E. 991; 35 L. R. A. 176, 54 Am. St. Rep. 447.

We think the above case clearly sets at rest any contention counsel for appellant has made.

### Summary.

1.   The signing of the note sued on by the individual partners did not increase their liability thereon.   They were already primarily liable.   Their liabilities as sureties or indorsers were inferior to their liability as partners.

2.   The note sued on, therefore, was an unsecured debt.

3.   A partnershp is not a separate legal entity, and it cannot be insolvent while the partners themselves are solvent.   When a partnership is adjudged a bankrupt the creditors have the privilege of bringing into the bankruptcy court for administration the assets of the individual partners.   This is true whether or not the partners are adjudged bankrupts, and regardless of whether or not the parties filed individual schedules.

4.   Although the statute declares that a discharge shall not release those secondarily liable for the bankrupt's debts, and although the confirmation of a composition is in effect a discharge, yet a creditor who voluntarily consents to accept a composition offer releases the surety. Although the surety is an independent third party.

5.   The mere acceptance of a composition offer which is made, even without conditions or restrictions, releases the partners in a partnership from individual liability.

6.   In this case the offer of a composition was coupled with a condition that its acceptance would be in full satisfaction of all indebtedness due by the Planters Mercantile Company, for which it and the above named parties (the seven partners) are liable as partners.   And when this condition was made and known to the appellant who accepted the offer with the condition added, it certainly released the individauls composing said partnership, whether they be considered as partners or sureties.

7.   Separate and apart from the bankruptcy law, the acceptance of its *pro rata* share of said composition money was an accord and satisfaction, which will estop the appellant.   The offer by appellees, its acceptance by appel-

lant,· the carrying out of the offer in full by appellees, and the acceptance of the money by appellant was clearly such an accord and satisfaction of the claim of the appellant against the individuals composing the partnership.

8.  The acceptance of said offer of composition of its *pro rata* share of the composition money was a waiver of the requirement that the schedules of the individuals should have been filed, and was also a waiver of their privilege of drawing into the bankruptcy court the assets of the individual partners, and the appellant should now be estopped, by its conduct, from making its alleged claim against the appellees.

9.  At any rate this action is a collateral attack on the order of the federal court in confirming said composition and no state court can attack directly or collaterally such an order of the federal court.

We therefore, submit this case, confident in the belief that the federal court, which handled the bankruptcy and composition matter, and the lower court in granting a peremptory instruction for the appellees were correct, and that this case will be promptly affirmed.

HOLDEN, J., delivered the opinion of the court

On April 28, 1915, the appellees, Green, Garrett, Garrett, Hood, Prestidge, and McCowan, citizens of Sunflower county, were engaged in business as partners under the name of the Planters' Mercantile Company, and on that date executed their promissory note for five hundred and fifty-three dollars and seventy-eight cents, due to appellant November 1, 1915; said note being signed "Planters' Mercantile Company, per L. M. Garrett," and also signed by each of the partners of the partnership. We here set out the note:

"553.78.    Drew, Mississippi, April 28, 1915.

"On November 1, 1915, after date, we promise to pay to the order of Nashville Saddlery Company five hundred and fifty-three and 78/100 ($553.78) dollars, payable at Drew, Mississippi, for value received, with interest from

maturity at eight per cent until paid. If this note is not paid at maturity and is put in the hands of an attorney for collection, we agree to pay all costs of collection, including an attorney's fee of ten per cent. The undersigned principal and indorsers of this note, which is filled up before signing, waive, demand, notice, and protest thereof, and we agree that if this note is placed in the hands of an attorney at law for collection, or has to be sued on, that we shall pay ten per cent attorney's fees in addition to the principal and interest which fees shall be added to and become a part of the judgment. We also sign with a full understanding of this notice. No. 1493. Planters' Mercantile Company, per L. M. Garrett. C. J. Hood, L. M. Garrett, Dr. B. J. Green, C. A. McGowan, J. H. Prestige, A. Garrett."

Thereafter, in January, 1916, an involuntary petition in bankruptcy was filed against the Planter's Mercantile Company, and in April an offer of composition was made by the Planters' Mercantile Company and the partners composing that company, which offer of composition was accepted by the majority of creditors in number and amount; was voted for by the appellant creditor; and the composition was confirmed by the court, and the Planters' Mercantile Company and the partners composing the partnership were discharged upon payment of the amount named in the composition, and this amount was paid by the appellees and accepted by the appellant and other creditors in full satisfaction of all indebtedness due by the partnership and the partners composing it.

Thereafter the appellant, Nashville Saddlery Company, filed this suit against the partners composing the partnership, suing them as individuals, for the balance due of two hundred and twenty dollars after crediting said note with the payment thereon under the composition. The defendants below filed several pleas, among which was the plea of discharge in bankruptcy under the composition settlement. The trial resulted in a judgment in favor of the defendants below, from which this appeal comes here.

The appellant seeks reversal, as we understand it, upon the theory that the partners were not adjudged bankrupt so as to relieve them from their liability as indorsers on the note. In other words, that the composition discharge did not relieve the partners as individuals because they did not file a list of their individual property; and that, if mistaken in this, then the partners are indorsers and individual sureties on the note, and as such individual sureties were not discharged when the principals were discharged of the debt by the bankrupt court.

After a careful investigation and consideration of the contention of the appellant we are convinced that the position is unsound for several reasons, but we shall rest the decision upon one ground only, and that is, that the partners who signed their names to the note which had been signed by the Planters' Mercantile Company as a partnership, are not sureties on the note, but are mere comakers or principals. They were liable individually for the debts of the partnership, therefore they were liable individually and primarily for the payment of this note signed by the partnership, the Planters' Mercantile Company, and the fact that they signed their individual names separately on the note did not make them sureties for that which they were already primarily liable as partners and as individuals. The signing or indorsing of the note by them separately as partners or as individuals did not add anything to the security of the payment of the note; consequently it is an unsecured note, and was thus proved in the bankruptcy court.

That a person may be a surety on his own note is not conceivable. A surety is a person who binds himself for the payment of a sum of money, or for the performance of something else, for another. Certainly these partners, who were already bound as partners and as individuals to pay this note, could not at the same time become self-sureties for the payment. This being true, the appellees cannot now be sued as sureties, and since they were discharged

as partners at the same time that the partnership was discharged by the composition adjudication in the federal court, the note is valueless, because it has been settled in full.

The proposition presented by counsel for the appellant that the partners could not be adjudged bankrupts so as to relieve them from liability as indorsers because they did not file a schedule of their individual property is untenable, because the appellant was present in the bankrupt court, made no objection to, but consented and accepted, the adjudication, and cannot now in a state court attack the validity of the discharge of the debt in the bankruptcy court. But more than this, the composition order fully discharges the debt as to all of the partners as well as the partnership, and since the partners who signed the note were not sureites, but were principles, the composition settlement and discharge satisfies the note in full, and releases the partners from any further liability.

Whether or not the bankruptcy court treated the partnership as an "entity" can make no difference in this case, because the partnership and the partners composing the partnership were released by the composition discharge, and, there being no individual liability as sureties, because the partners were not sureties on the note, no further liability exists against the members composing the partnership. *Francis* v. *McNeal*, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915F, 706; *Abbott* v. *Anderson*, 265 Ill. 285, 106 N. E. 782, L. R. A. 1915F, 668, Ann. Cas. 1916A, 741.

The judgment of the lower court is affirmed.

*Affirmed.*