C. J. FARLEY & CO. v. STOLL.

1. BANKRUPTCY—PARTNERSHIP—PARTNERS.
    Partnership may be proceeded against in bankruptcy as an entity, distinct from the individual partners.

2. SAME—FAILURE OF PARTNERS TO FILE INDIVIDUAL SCHEDULES.
    If proceedings in bankruptcy be against partnership alone, failure of partners to file individual schedules constitutes strong evidence that only partnership obligations are composed.

3. SAME—COMPOSITION—DEBTS OF ALL BANKRUPTS COMPOSED.
    Where, in bankruptcy proceedings against partnership, partners are made parties, composition ordinarily would settle all liabilities of all bankrupts, since it is usual to settle whole of suit.

4. SAME—IF PARTNER'S DEBTS NOT COMPOSED HE COULD BE PROCEEDED AGAINST.
    If, in bankruptcy proceedings, composition covered only partner's partnership liabilities and did not cover his individual liabilities on partnership debts, creditors could participate in fund and still prosecute case against partner to adjudication of bankruptcy.

5. SAME—COMPOSITION—FILING SCHEDULE.
    Under section 12a of the bankruptcy act (11 USCA § 30), composition cannot be made until after bankrupt has filed schedule and been examined in open court or at meeting of creditors.

6. SAME—IRREGULARITIES—WAIVER.
    Although irregularity in making offer of composition before schedule has been filed or bankrupt examined is sufficient to justify court in denying confirmation, said irregularity may be waived.

7. SAME—IRREGULARITIES WAIVED BY FAILURE TO OBJECT.
    Bankrupt's offer of composition before he had been examined and his failure to file personal schedule are irregularities which creditor, who had notice of hearing on petition for confirmation, waived by failure to object.

Discharge of partnership in bankruptcy as affecting liability of individual partners for partnership debts, see annotation in L. R. A. 1915F, 669.

8. Same—Debts of Partner Composed Notwithstanding Irregu-
LARITIES.

> Where, in composition of bankrupt partnership's debts, it was
> understood by all of the parties that individual liability on
> partnership debts of partner furnishing money for composition
> was also to be settled, his liabilities were included in "bar-
> gain" and discharged, notwithstanding certain irregularities
> and informalities in connection with offer and acceptance of
> composition, and therefore he may not be held liable as in-
> dorser on partnership notes.

Error to Superior Court of Grand Rapids; Ver-
dier (Leonard D.), J. Submitted January 9, 1930.
(Docket No. 59, Calendar No. 34,660.) Decided
June 2, 1930.

Assumpsit by C. J. Farley & Company against
Earl D. Stoll, indorser, on two promissory notes.
From judgment for defendant, plaintiff brings error.
Affirmed.

*Butterfield, Keeney & Amberg,* for plaintiff.

*Linsey, Shivel & Phelps,* for defendant.

Fead, J. This suit was brought to recover on de-
fendant's personal indorsement of two promissory
notes, executed to plaintiff by Specialty Dry Goods
Shoppe, of which defendant was then a partner. De-
fendant pleaded release by composition in bank-
ruptcy, and had directed verdict. The question is
on the character and effect of the composition.

The bankruptcy proceeding was on involuntary
petition against both the partnership and the indi-
vidual partners. By stipulations and order of court,
proceedings were stayed from time to time "for the
purpose of permitting Earl D. Stoll to make an offer
of composition with his creditors." The individual

partners did not file personal schedules. A partnership schedule was filed, and, on the same day, a written offer of composition at 40 per cent. was made. Strictly construed, as plaintiff contends it should be, the offer is worded as a proposition from the partnership. It was signed also by Stoll, but whether as an individual or as representative of the partnership was in dispute, not on the trial, but on motion for a new trial. The offer was made before there had been any examination of the bankrupts.

Later Stoll was examined by the creditors before the referee three times. Plaintiff was represented by counsel at the examination. As far as it appears in the record, it was principally an inquiry into Stoll's personal resources. It disclosed him seriously insolvent. Stoll explained to the creditors that he proposed to raise money for composition upon the security of his home, held by the entireties with his wife, and with his father's help, and that he wanted to make settlement to avoid the disgrace of bankruptcy. It is clear that Stoll intended the offer to be in discharge of all his liabilities on the partnership obligations. The report of the referee after the examination, the petition for confirmation, of which plaintiff had notice, and the order of confirmation indicate that the composition was so understood by the referee and the court. Plaintiff did not testify that it did not so understand. Composition was accepted by a majority of the creditors. Plaintiff filed its claim on the note and received its proportion of the money.

We need not determine whether, when bankruptcy proceedings are brought against a partnership alone, the individual partners are discharged by composition from personal liability on indorsement of partnership notes. See *Myers* v. *International*

*Trust Co.*, 273 U. S. 380 (47 Sup. Ct. 372); *International Trust Co.* v. *Myers*, 252 Mass. 94 (147 N. E. 591); *Nashville Saddlery Co.* v. *Green*, 127 Miss. 98 (89 South. 816); *Abbott* v. *Anderson*, 265 Ill. 285 (106 N. E. 782, L. R. A. 1915F, 668). The situation here is different in that the individual partners were joined as bankrupts.

In *Myers* v. *International Trust Co.*, *supra*, the court said:

"It is settled by the decisions of this court in *Cumberland Glass Co.* v. *DeWitt & Co.*, 237 U. S. 447, 453, 454 (35 Sup. Ct. 636), and *Nassau Smelting & Refining Works* v. *Brightwood Bronze Fdry. Co.*, 265 U. S. 269, 271, 273, 274 (44 Sup. Ct. 506), that a composition is 'a settlement of the bankrupt with his creditors'—in a measure superseding and outside of the bankruptcy proceedings—which originates in a voluntary offer by the bankrupt, and results, in the main, from voluntary acceptance by his creditors; that the respective rights of the bankrupt and the creditors are fixed by the terms of the offer; and that upon the confirmation of the composition they get what they 'bargained for,' and no more."

In that case the court stressed the importance of the "bargain," and gave much weight to the fact that a schedule of partnership property only had been filed. In so doing, the court went beyond the mere words of the written offer and sought its effect in the light of surrounding circumstances. A composition in bankruptcy is contractual in nature, and must be viewed in the setting in which it is made.

A partnership may be proceeded against in bankruptcy as an entity, distinct from the individual partners. If the proceeding be against the partnership alone, as it was in *Myers* v. *International Trust Co.*, *supra*, the failure of the partners to file indi-

vidual schedules constitutes strong evidence that only partnership obligations are composed. It is usual, on compromise, to settle only the particular suit, unless otherwise agreed, and the failure to file individual schedules indicates that the partners personally did not become parties to the proceeding. On the other hand, it is usual to settle the whole of a suit, and, when the partners are made parties, the ordinary understanding would be that a composition settles all liabilities of all the bankrupts.

Plaintiff knew defendant was making the offer and furnishing the money individually to avoid the personal disgrace of bankruptcy. If the composition covered only defendant's partnership liabilities and did not cover his individual liabilities on partnership debts, plaintiff and other claimants could have participated in the fund and still have prosecuted the case against defendant to adjudication of bankruptcy.

The petition for confirmation was made by defendant and the partnership, and alleged that they had "offered terms of composition to their creditors." The order was a general confirmation of the composition.

The partnership schedule showed cash of about $9,500 and other doubtful assets of $5,000, with debts of $42,500. Stoll's personal resources were life insurance policies with cash value of $1,800 to $2,000, and his debts were $14,000. The composition gave the creditors more money than they could expect to get by prosecution of the suit.

Upon a fair consideration of the circumstances, there can be little doubt that plaintiff, as well as the defendant, understood the composition to be a settlement of all of defendant's liabilities on the notes.

Plaintiff, however, contends the question is not one of intention of the parties, but of the legal effect of the offer. In this connection it urges that the schedule is of controlling force.

Under section 12 *a* of the bankruptcy act (11 USCA § 30), an offer of composition cannot be made until after the bankrupt has filed a schedule and has been examined in open court or at a meeting of the creditors. 7 Remington on Bankruptcy, § 3077. Making an offer of composition before the schedule has been filed or the bankrupt examined constitutes an irregularity sufficient to justify the court in denying confirmation. *In re Berler Shoe Co.,* 246 Fed. 1018. Perhaps it would justify the court in setting aside composition at the instance of a creditor without notice. But an irregularity may be waived. Here, aside from the failure to file personal schedules, the proceeding was irregular in that the offer was made before the bankrupt had been examined. Plaintiff had notice of the hearing on petition for confirmation, and, by failure to object, waived the irregularities. The act does not give the schedule any force in construing a composition, and it must be left to its effect as one of the circumstances surrounding the settlement.

The setting of the case discloses an informality about the whole proceeding which would render a microscopic analysis and strict construction of the offer unfair. In some of the papers in the bankruptcy suit the word "bankrupt" is used in the plural and in others in the singular; some titles contain the names of all the parties and others name the partnership, with the addition *"et al.;"* and in the context reference is made to the parties as "its," "his," and "they" at apparent random.

Regardless of whether defendant signed the original offer personally or not, we think the "bargain"

was that all defendant's liabilities on partnership obligations were discharged, and the judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and NORTH, JJ., concurred. McDONALD, J., did not sit.