### SCHRAM v. WRUBEL et al.

No. 778.

District Court, E. D. Michigan, S. D.

Aug. 2, 1940.

Robert S. Marx and Norman P. Burau, both of Detroit, Mich., for plaintiff.

Reuben Levin, of Detroit, Mich., for defendants.

PICARD, District Judge.

Two questions were originally submitted to the court in the above matter:

First, did discharge of the bankrupt partnership discharge the individuals from all liability on the note sued upon; and

Second, are the defendants individually and severally liable upon the obligation?

#### Statement of Facts.

On February 2, 1933, the co-partnership of Wrubel and Kozin executed its note to First National Bank—Detroit, and on June 1, 1933, the partnership went into bankruptcy. In this proceeding the partnership was discharged of all provable debts against it, but the individuals forming the partnership never went into bankruptcy and this action is brought against "David Wrubel and Louis Kozin, jointly and individually and as co-partners doing business as Wrubel and Kozin".

It is now admitted that there is no claim against Wrubel and Kozin as co-partners, but plaintiff first claimed that the judgment here should be one of joint and individual liability. On the other hand, defendants take the position that there is no liability either joint or several, since bankruptcy of the co-partnership discharged all liabilities of members of the firm and in any event there is no individual liability.

While the matter was in the hands of this court with briefs filed, the court was notified by plaintiff that it would be satisfied with a joint judgment alone. Therefore we are not called upon to determine the question of individual liability, but merely whether judgment should be rendered in favor of plaintiff against defendants jointly.

#### Conclusions of Law.

In arriving at the conclusions of law in this case, it is well to bear in mind two things:

First, the Uniform Partnership Act; and

Second, the legal characteristics of a partnership.

358

In the State of Michigan, since 1917, we have had a Uniform Partnership Act of which Section 9855, C.L.1929, reads as follows:

"Sec. 15. (Nature of Partner's Liability). All partners are liable:

"(a) Jointly and severally for everything chargeable to the partnership under sections thirteen (13) and fourteen (14);

"(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

Section 9855 is Section 15 of the act, and Sections 13 and 14, mentioned in subsection (a) above, refer to frauds and breach of trust.

In addition the case of Farley & Co. v. Stoll, 250 Mich. 495, 231 N.W. 71, 73, held that: "A partnership may be proceeded against in bankruptcy as an entity, distinct from the individual partners."

Now the position of defendants is that the debt having been discharged through bankruptcy, and the act having changed the former individual liability of partners, that following the eliminating of the debt of the "distinct entity", to-wit, that of the partnership, the individuals could not be subjected to litigation.

Strange as it may seem, there is some uncertainty about the effect of the Uniform Bankruptcy Act, 11 U.S.C.A. § 1 et seq., on the Michigan law of partnerships, Comp. Laws 1929, § 9841 et seq. It will be noted that the act provides that: "any partner may enter into a *separate* obligation to perform a partnership contract", and most of the cases cited by plaintiff are where defendant did enter into a separate contract with plaintiff such as would be evident by endorsement of a note. Other cases cited by plaintiff come before 1917 when the Uniform Partnership Act went into effect.

This is also true of the case of Francis v. McNeal, 228 U.S. 695, 33 S.Ct. 701, 703, 57 L.Ed. 1029, L.R.A.1915E, 706 cited by both parties and particularly by defendants in quoting Justice Holmes to show: "It would be a third incongruity to grant a discharge in such a case from the debt' considered as joint but to leave the same persons liable for it considered as several." The Francis case was decided in 1913.

Defendants also cite as authority for no liability certain cases where there has been a compromise of the partnership debt and its affect upon the individual partnership. These do not apply, and in many of the other cases cited counsel have neglected to remember that all states do not have Uniform Partnership Act.

Our conclusion is that it is apparent from the act itself that if it did erase individual liability it did not seek or aim at elimination of joint liability. If a partnership is a "separate entity" in Michigan as it appears to be, then necessarily when carried to its logical conclusion, the Uniform Partnership Act places joint liability as an added burden for members of a co-partnership, with the result that in addition to the partnership assets, any joint assets of the parties in the partnership can be and should be used for joint obligations.

In other words, the statute itself marks the responsibility of the partners regardless of bankruptcy proceedings which cannot affect anything beyond the "distinct entity".

We therefore feel that plaintiff is entitled to a joint judgment against defendants and so hold.