## J. G. BLACKWELL *v.* JOHN REID & Co.

1. PLEADING: PARTNERSHIP: INDIVIDUAL NAMES OF PARTNERS MUST BE STATED.—Partners cannot sue, or be sued, by their copartnership name, but the names of the individuals suing or being sued must be stated, except in those cases where an indulgence is allowed by the provisions of Rev. Code, 492, art. 89.

2. SAME: DECLARATION: PROMISSORY NOTES: NOTE MUST BE SET OUT IN THE DECLARATION.—In an action on a promissory note, it must be set forth in the declaration by proper averments: the filing of a copy does not make it a part of the declaration, and it cannot be referred to in aid of the pleading.

3. SAME: SAME: FORM OF ACTION MUST BE STATED.—The omission to state the form of action in the declaration is a fault in pleading, and calculated greatly to embarrass the cause, but whether fatal on general demurrer, *quære*.

ERROR to Circuit Court of Smith county. Hon. E. G. Henry, judge.

*W.* and *J. R. Yerger, Harper & Blackwell* for plaintiff in error.

*Harper & Shelley, W. H.* and *T. J. Hardy* for defendants in error.

ELLETT, J., delivered the opinion of the court.

The plaintiffs are designated in the writ and declaration by the name of John Reid & Co. The declaration was demurred to for want of certainty as to the parties, and the demurrer was overruled and judgment final given against the defendant.

This judgment was erroneous. The demurrer was well taken, and ought to have been sustained. Partners cannot sue, nor be sued, by their copartnership name, but the names of the individuals suing, or being sued, must be stated. 1 Chitty Pl. 12, 256. Some indulgence is allowed in this respect in certain cases, by statute, but not to an extent sufficient to cover this case. Rev. Code, 492, art. 89.

The article in relation to the non-joinder or misjoinder of parties (Rev. Code, 485, art. 43) is not applicable. This is not a case of non-joinder. The question here is, whether the parties who have joined in the action, under the name of John Reid & Co., have sufficiently described themselves.

The declaration is liable to another equally fatal objection. It does not state any cause of action whatever. It merely alleges "that the defendant is justly indebted to said plaintiffs in the sum of $1,024.04, as evidenced by his promissory note in writing for that amount, dated May 29, 1859, a copy of which is herewith filed, marked Exhibit A, and prayed to be taken as a part of this complaint."

The note is not set out in the declaration, and there is nothing to show that it was due when the suit was brought. The statute requires a copy of the writing sued on to be filed with the declaration, but filing it does not make it a part of the declaration, and it therefore cannot be referred to, to aid the pleading.

The declaration does not state the form of the action; but we are not prepared to say that this omission, though a fault in pleading calculated greatly to embarrass the cause, is fatal on a general demurrer.

The judgment will be reversed, and final judgment entered here on the demurrer and in favor of the defendant.