DE LA VERGNE REFRIGERATING MACH. CO. *v.* MONTGOMERY BREWING CO. *et al.*

(*Circuit Court, M. D. Alabama.* May Term, 1891.)

1. FEDERAL COURTS—EQUITY JURISDICTION—ENFORCEMENT OF MECHANICS' LIENS.

The fact that the right to enforce a mechanic's lien is given by a state statute, and that it confers an adequate and complete remedy at law in the state courts, does not take away the equitable jurisdiction of a federal circuit court, where the parties are residents of different states, and the amount in controversy exceeds $2,000.

2. SAME.

Where the remedy given by a state statute for the enforcement of mechanic's liens is essentially equitable in its nature, the fact that jurisdiction over such cases has been given to courts of law within the state does not deprive the equity side of a federal circuit court of jurisdiction over an action to enforce such a lien.

In Equity. Heard on demurrers to bill.

*J. M. Falkner, J. M. White,* and *John M. Chilton,* for complainant.

*Tompkins & Troy,* for defendants.

BRUCE, J. The complainant company claims of the defendants the sum of $20,539.45, and interest thereon since June 26, 1890, balance due on a contract for the sale of machine and apparatus for the manufacture of ice, which complainant alleges it sold and delivered to the defendants in Montgomery, Ala., according to the terms of their contract, and claims the enforcement of a lien upon the building, machinery, and land upon which the same is situate, under the law of Alabama which is known as the "Mechanic's Lien Law," or the "Lien of Material-Men," the provisions of which complainant alleges it has fully complied with, and is therefore entitled to the enforcement of the lien for the balance due and unpaid on the contract. To this bill demurrers are interposed by the defendants, and several grounds are named and relied on against the maintenance of the bill.

It is claimed that the circuit court of the United States in equity has no jurisdiction to enforce the lien here claimed, and that the complainant has a plain, adequate, and complete remedy at law. The complainant is a resident citizen of the state of New York, and the defendants are resident citizens of the state of Alabama; the amount in controversy is over $2,000; and, that being so, the complainant, at its election, is entitled to his remedy in the courts of the United States, in so far, at least, as the United States courts can give the remedy, and under the circumstances the court will not refuse to entertain the suit of complainant, unless it clearly appears, under well-settled rules, that the relief sought is not within the power and jurisdiction of the court. The lien claimed is statutory, created by the law of Alabama. It is a general rule that when new rights are created by law, and a remedy is given to enforce them, the party invoking the enforcement of the right must pursue the remedy given by the statute. Up to a recent period the remedy given by the law of Alabama to enforce the mechanic's and material-man's lien was at law, and not on the equity side of the court; and

the supreme court of Alabama, in the case of *Chandler* v. *Hanna*, 73 Ala. 390, held the right to enforce the lien to be exclusive on the law side of the court. Now, however, and since 1886, the law of Alabama gives the courts of equity of the state concurrent jurisdiction with the courts of law to enforce this character of lien. It may be conceded, however, that it is not important for us to inquire particularly as to the remedy or remedies given by the laws of Alabama to enforce the right in question; for in this court, while the rights of parties, whether they arise under the common law or the law of the state, are recognized and enforced, yet the remedies to be applied are not those provided under state statutes, but are such as obtain in this jurisdiction. It is well settled that state statutes cannot add to or take from the jurisdiction of the United States courts. In *Payne* v. *Hook*, 7 Wall. 430, it is said:

"We have repeatedly held that the jurisdiction of the courts of the United States over controversies between citizens of different states cannot be impaired by the laws of the states which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power. * * * The equity jurisdiction conferred on the federal courts is the same that the high court of chancery in England possesses, is subject to neither limitation nor restraint by state legislation, and is uniform throughout the different states of the Union."

The case made is for the enforcement of a lien upon machinery, and the real estate upon which it is situated, in the city of Montgomery, Ala.; and the complainant comes into equity in the circuit court of the United States, and asks, not simply that the amount due shall be judicially determined, but also that the lien which it claims upon the property shall be enforced by a decree for the sale of the property, and the satisfaction of the decree from the proceeds of sale. The defendants, by their demurrers, say the remedy at law is plain, adequate, and complete. Why, therefore, come into equity? It is to be borne in mind that the complainant elects to seek its remedy in the circuit court of the United States; and certainly this court will not remit it to the remedy at law in a state court, however full and complete that may be. In the case of *Ex parte McNiel*, 13 Wall. 243, the court says:

"It is urged, further, that a state law could not give jurisdiction to the district court. That is true. A state law cannot give jurisdiction to any federal court; but that is not a question in this case. A state law may give a substantial right of such a character that, where there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, of admiralty, or of common law. The statute in such cases does not confer the jurisdiction. That exists already, and it is invoked to give effect to the right by applying the appropriate remedy. This principle may be laid down as axiomatic in our national jurisprudence. A party forfeits nothing by going into a federal tribunal. Jurisdiction having attached, his case is tried there upon the same principles, and its determination is governed by the same considerations, as if it had been brought in the proper state tribunal of the same locality."

To same effect is the case of *Dennick* v. *Railroad Co.*, 103 U. S. 11; also, *Holland* v. *Challen*, 110 U. S. 15, 3 Sup. Ct. Rep. 495; *Gaines* v. *Fuentes*, 92 U. S. 20.

It is clear, then, that there must be a remedy in this court; and the question is, on which side shall it be, at law or equity? It is claimed that being a statutory lien that is sought to be enforced, and not an equitable lien, it is therefore not the subject of equity jurisdiction. The mere fact that it is a lien that is sought to be enforced does not indicate, perhaps, that its enforcement falls on the equity side of the court. Common-law liens and liens by attachment may be said to be strictly legal in their nature, and not the subjects of equity cognizance; but the lien here in question, though the creation of the statute of the state, is upon real estate, upon which there may exist prior or subsequent liens held by persons who are proper parties to a suit affecting the title to the property; and is such a lien in its nature more properly one of cognizance of a law or equity court? In *Payne* v. *Hook*, cited *supra*, it is said:

"It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."

The lien in the case at bar is in its very nature such as that equity, with its flexible modes and powers, can more fully mete out justice to the parties to the suit than is possible to be done in a court of law, with its more strict and unbending rules. On this subject we have the authority of the supreme court of Alabama, to which we look for the authoritative exposition of her own laws. In the case of *Trammell* v. *Hudmon*, 78 Ala. 224, the court say, in the case of the enforcement of a mechanic's lien:

"The whole proceeding is in the nature of a bill in equity for the enforcement of a lien on land, all persons interested in the matter in controversy or in the property sought to be subjected to the lien being authorized to be made parties." Citing Code, § 3447.

An examination of chapter 6 of the Code, which creates the lien of mechanics, employes, and material-men, shows that the remedy there given is essentially equitable in its nature, rather than legal. The law-making power of the state can distribute the judicial power, and give the law courts powers, and prescribe modes of proceeding, which are equitable in their nature; but, however much this may be done in state systems of jurisprudence, though they may be blended and the distinction between law and equity done away with, that cannot obtain in the United States courts so long as the constitution, art. 3, § 2, provides: "The judicial power shall extend to all cases in law and equity arising under this constitution." It is a matter of more than doubt if the circuit court of the United States, on the law side of the court, could give the remedy the complainant here seeks. There is no scope here for the operation of the state statute in so far as it furnishes a mode of proceeding, and a remedy to enforce a mechanic's lien. This court, in law or in equity, can proceed only upon well-recognized rules and principles applicable to the administration of the law in the United States courts. To undertake here to carry out the state statute, and apply the equitable rules provided in chapter 6 of the Code of Alabama on the subject of mechanics' liens, would be to ignore the distinction

between equity and law which the courts of the United States have maintained for more than 100 years. The conclusion is inevitable that the complainant's remedy here is upon the equity side of the court. I do not find where this precise point has been discussed by the supreme court of the United States, but there are cases where that court has maintained suits in equity to enforce mechanics' and material-men's liens created by state legislation. They are the cases of *Davis* v. *Alvord*, 94 U. S. 545; *Canal Co.* v. *Gordon*, 6 Wall. 561. While in neither of these cases is the question discussed, and the record does not show the question made here was there made, still, in a matter touching the power and jurisdiction of the court to render its decree, these cases must be recognized as authority for the exercise of the jurisdiction of the court. Upon this question I note that the counsel on the respective sides both cite from Pomeroy's Equity and Jones on Liens, both writers of accepted authority; and yet the fact that both sides find support from these authors shows that the law may not on this question be regarded as well settled. The view taken seems to be supported in 3 Pom. Eq. Jur. § 1269, and in 1 Jones, Liens, § 1042. It results from this examination of the question that the demurrers are overruled, and it is so ordered.