CRENSHAW BROS. SEED Co. *v.* RAUCH.

[73 South. 53.]

SALE: *Contract. Excuse for non-performance. Attempted modification.*
Where a contract for the sale of peas was fully consummated by a telegram from the buyer to the seller and afterwards the buyer wrote to the seller confirming the telegram but asking for a better grade of peas, this was no defense to an action on the contract first made.

APPEAL from the circuit court of Pontotoc county.

HON. CLAUDE CLAYTON, Judge.

Suit by Crenshaw Bros. Seed Company against Louie Rauch doing business under the name of Rauch Produce Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Mitchell & Roberson,* for appellant.

*Marshall T. Adams* and *C. Lee Crum,* for appellee.

POTTER, J., delivered the opinion of the court.

This is an appeal from the circuit court of Pontotoc county. Crenshaw Bros. Seed Company, the appellant, was plaintiff in the court below, and Louie Rauch, doing business under the firm name and style of the Rauch Produce Company, defendant there. The appellant and appellee, after various negotiations by wire, made a contract by which the appellee agreed to sell and the appellant agreed to buy four hundred and fifty bushels of peas f. o. b. Tampa, Fla. After this contract had been made by telegram the appellant in confirmation thereof wrote the following letter dated April 27, 1914:

"This is to confirm our telegram of April 24th accepting your offer of Clay, Whip-poor-will, and mixed peas, if first-class stock. Kindly take precaution and have them thoroughly cleaned, seeing that they are in first-class condition."

About twelve days after the letter was written appellee shipped one hundred and seventy-five bushels of peas from Memphis to the Crenshaw Bros. Seed Company, bill of lading attached, for the agreed price of same and the draft was paid. The letter in question was not received by the appellee until after the shipment of the one hundred and seventy-five bushels of peas above mentioned, because he was at Memphis at the time the letter

reached Pontotoc, and did not get home until after he had shipped the peas. Upon receipt of the letter the appellee, according to his version, considered the contract canceled because appellant in its letter of April 27th asked for thoroughly clean peas and first-class stock, and that he had not sold it that grade of goods. The record shows that the appellant made numerous requests by wire of the appellee to ship the balance of the contract, but appellee finally advised appellant that he declined to fill the balance of the order contracted for. Appellant showed that it had to buy peas in the open market, which appellee had contracted to sell it, at a higher price than the contract with the appellee. Under the proof in this case the court erred in refusing to grant plaintiff a peremptory instruction for such damages as the evidence shows it sustained. If the sort of peas mentioned in the plaintiff's letter were not the kind stipulated for in the original contract, the appellee could have insisted on the appellant standing by the contract and receiving the peas contracted for. The appellant received and paid for one hundred and seventy-five bushels of the peas contracted for, and the appellee could not relieve himself from his contract without offering to carry it out under the terms as originally stipulated. The appellee not only failed to tender a performance of his part of the contract, but repudiated the contract by a positive refusal on his part to carry it out.

*Reversed and remanded.*