EDWARD HINES LUMBER CO. et al. v. BOWERS.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1917.)

No. 2907.

TRIAL ☞11(3)—TRANSFER FROM EQUITY TO LAW—ADEQUATE REMEDY AT LAW —ATTORNEY'S FEES.

    A bill by an attorney to recover his fees by attachment on lands of the defendants within the state, which shows that the defendants were foreign corporations, but does not negative that they were doing business within the state, having an agent there on whom process could be served so as to bring them personally within the jurisdiction of the court, does not show that the remedy at law was inadequate, and therefore, after removal to the federal court, it should have been transferred to the law docket under Judicial Code, § 38 (Act March 3, 1911, c. 231, 36 Stat. 1098 [Comp. St. 1913, § 1020]), providing that the District Court shall proceed in suits removed to it the same as if the suit had been originally commenced therein, and Equity Rule 22 (33 Sup. Ct. xxiv), providing that if it appear at any time that any suit in equity should have been brought as a suit in law, it shall be forthwith transferred to the law side.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 30; Dec. Dig. ☞11(3).]

Appeal from and in Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Suit by E. J. Bowers against the Edward Hines Lumber Company and others, originally begun in the state court and removed to the United States District Court. Decree for the plaintiff after defendants' motion to transfer to the law side of the court had been denied, and defendants appeal and bring error. Reversed and remanded, with instructions to transfer the cause to the law docket, and writ of error dismissed.

The record shows that appellee and defendant in error filed his bill of complaint in the chancery court of Harrison county, Miss., against the appellants and plaintiffs in error on the ground that they were nonresidents of

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Mississippi, alleging that appellants and plaintiffs in error were due him the sum of $10,000 for services alleged in said bill of complaint, having employed him as attorney to defend said appellants and plaintiffs in error in a certain suit filed in the chancery court of Pearl River county, Miss., wherein the state of Mississippi had sued them for the purpose of confiscating certain lands owned by them in the state of Mississippi because the quantity of land owned by said appellants and plaintiffs in error in Mississippi was in excess of the amount allowed by law for them to hold.

At the February term, 1915, of the chancery court of Harrison county, Miss., petition was filed by appellants and plaintiffs in error for the removal of said cause to the District Court of the United States for the Southern Division of the Southern District of Mississippi.

On the 10th day of February, 1915, order of removal of said cause to the said federal court was granted by the chancery court of Harrison county, Miss.

On March 6, 1915, the appellants and plaintiffs in error filed their answer in said federal court to the bill of complaint of appellee and defendant in error in this cause, admitting his employment by them, and setting up that the sum of $10,000, as a fee for the services rendered by him in the suit stated was exorbitant, and stating that they were ready, willing, and able, and always had been, to pay appellee and defendant in error a reasonable fee for his services in said suit.

On August 4, 1915, the appellants and plaintiffs in error filed a motion in the federal court to transfer the instant cause from the equity side of the court, where it was then docketed, to the law side of said court for the following reasons: (1) It is a suit for quantum meruit only. (2) It is not a suit in equity, but is a common-law action. (3) The bill of complaint shows on its face that it is not an equity suit, but a common-law action. (4) Equity is without jurisdiction in this case, and complainant has a complete and adequate remedy at law. (5) That the state chancery court would have no jurisdiction of this case had it not been for the statute of Mississippi, authorizing attachment in cases where defendants are nonresidents of Mississippi, which practice cannot affect the practice in United States courts. (6) And for other reasons to be assigned on the hearing. Said motion was, on the 16th day of August, 1915, taken under advisement by the court until the February term, 1916, of said court.

On Monday, the 21st day of February, 1916, the court convened its regular February term, and on said day overruled the motion of appellants and plaintiffs in error which it had under advisement to transfer the cause from the equity side to the law side of the court. The cause then proceeded to trial. Appellee and defendant in error introduced a number of witnesses, who testified that a fee of $10,000 was reasonable. Appellants and plaintiffs in error introduced no evidence as to the amount of the fee.

The court, after hearing all of the evidence in the case, rendered a judgment for $11,150 in favor of the appellee and defendant in error, which was the $10,000 sued for, with interest thereon from the 23d day of March, 1914, at 6 per cent., to the 23d day of February, 1916, making $1,150, both principal and interest amounting to $11,150, from which decree the appellants and plaintiffs in error have brought the record to this court, both by appeal and writ of error.

J. H. Mize, of Gulfport, Miss., for appellants and plaintiffs in error.

W. A. White and E. J. Bowers, both of Gulfport, Miss., for appellee and defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). [1] It was contended in argument by the counsel for the appellee that, without regard to any statute giving a remedy by attachment, the suit was

maintainable in a court of equity to enforce the payment of the plaintiff's demand out of property of the defendants situated in Mississippi because of the lack of an adequate legal remedy, in that the defendants were beyond the territorial jurisdiction of the court and out of reach of legal process. The state of facts relied on to support the claim of equitable jurisdiction is not shown by the averments of the bill. As to the corporation defendants it was averred that each of them is a corporation of the state of Illinois, having its domicile in that state. It is not negatived that each of them, at the time the suit was brought, was doing business in the state of Mississippi, having an agent or agents there, upon whom in person process against the corporation could have been effectively served. The absence or inadequacy of a legal remedy to enforce the plaintiff's demand is not shown.

By the record this is an action to recover a moneyed judgment for breach and nonperformance of a simple contract. It is well settled that such an action cannot be prosecuted on the equity side of the courts of the United States. Scott v. Neely, 140 U. S. 106–110, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804; and see McConnell v. Provident Savings Life Assurance Co., 69 Fed. 113, 16 C. C. A. 172. Section 38 of the Judicial Code provides:

"Sec. 38. The District Court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said District Court, and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal."

Rule 22 (33 Sup. Ct. xxiv) Equity Rules of the Supreme Court provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

It follows that there was reversible error in overruling the motion to transfer this action to the law docket for trial as an action at law.

The decree appealed from is reversed, and the cause is remanded, with instructions to transfer the same to the law docket, and thereafter proceed according to law, the costs of appeal to be paid by the appellee.

The writ of error sued out is dismissed, at the cost of plaintiffs in error.