WISDOM et al. v. GUESS DRYCLEAN-
ING CO., et al.
No. 440.

District Court, S. D. Mississippi, Jackson
Division.
Jan. 13, 1934.

H. V. Wall, of Brookhaven, Miss., for plaintiffs.

Brady, Dean & Hobbs, of Brookhaven, Miss., for defendants.

HOLMES, District Judge.

This is a suit in equity to foreclose a deed in trust given to secure a partnership indebtedness. It was filed by the receiver of an insolvent national bank, who alleges that he has every reason to believe that the property described in the trust deed will not bring enough to satisfy the indebtedness, and asks for a decree for any deficiency against the individual members of the firm.

At the time the bank closed its doors, the indebtedness was evidenced by a note of $2,300, and one of the partners, Mrs. E. B. Guess, had on deposit $2,095. The other partner, D. W. Love, being unable to make any substantial contribution to the payment thereof, Mrs. Guess paid to the receiver the interest, accrued to date, and $300 upon the principal, thereby reducing the firm's indebtedness to $2,000, and directed the receiver to charge this balance against her individual deposit and cancel the note. This, the receiver refused to do, claiming that a partnership is a separate entity, distinct from the individuals composing it, and that a set-off of an individual deposit against a partnership debt is not permissible. The defendants are not asking for any decree in their favor, but merely to offset an amount of Mrs. Guess' deposit equal to the plaintiffs' claim, after all proper credits have been deducted from the indebtedness due by the partnership.

■ The Mississippi statute with reference to releasing one or more joint or joint and several debtors, and giving the right to sue them separately or to sue jointly and obtain separate judgments against them, without releasing the others (chapter 39, Code 1930 [sections 2027, 2028]), abolishes all distinctions in remedies upon joint and several obligations (Steen v. Finley, 25 Miss. 535), but does not abolish the distinction in substance between such obligations. Kimbrough v. Ragsdale, 69 Miss. 674, 13 So. 830. Equity Rule 42 (28 USCA § 723) provides: "In all cases in which the plaintiff has a joint and several demand against several persons, either as principals or sureties, it shall not be necessary to bring before the court as parties to a suit concerning such demand all the persons liable thereto; but the plaintiff may proceed against one or more of the persons severally liable." Although cited and relied on in the briefs, neither the above statute nor rule will solve our present problem, wherein there is a plea of set-off to a suit in equity, and all interested parties are represented. The solution will be found in the general principles of equitable set-off, and a local law creating set-off as a statutory right, considered in connection with the relation of individual partners to firm liabilities.

■ According to the modern view, the question is one of substance and not of procedure. The Gloria (D. C.) 286 F. 188, 192, 193; Champlin Refining Co. v. Gasoline Products Co. (C. C. A.) 29 F.(2d) 331, 338, affirmed U. S. v. The Thekla, 266 U. S. 328, 45 S. Ct. 112, 69 L. Ed. 313. It is controlled by federal decisions, except to the extent that the right may be enlarged by section 537, Mississippi Code 1930, as construed by state decisions. Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co. (C. C. A.) 15 F.(2d) 509, 513; Id., 276 U. S. 518, 529, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426; First National Bank of Shenandoah v. Liewer (C. C. A.) 187 F. 16, 18; United States v. Robeson, 9 Pet. 319, 323, 9 L. Ed. 142. Debts which are mutual may be set off against each other. Barrington v. Maner (C. C. A. 5th Cir.) 54 F.(2d) 917. There must be mutuality of rights as well as of parties. A trustee may not set off a trust deposit against a personal debt. Thomas v. Potter Title & Trust Co. (D. C.) 2 F. Supp. 12. A separate debt may not be set off against a joint debt, and vice versa. 2 Story's Eq. (6th Ed.) § 1437; Scammon v. Kimball, 92 U. S. 362, 367, 23 L. Ed. 483. Courts of equity frequently deviate from the strict rule of mutuality when the justice of the particular case requires it; for instance, on account of the insolvency or nonresidence

of the judgment plaintiff. Blount v. Windley, 95 U. S. 173, 177, 24 L. Ed. 424; Scott v. Armstrong, 146 U. S. 499, 507, 13 S. Ct. 148, 36 L. Ed. 1059. In North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 S. Ct. 710, 38 L. Ed. 565, it is held that insolvency of the party against whom a set-off is claimed is a sufficient ground for equitable interference. The court also stated (at page 615 of 152 U. S., 14 S. Ct. 710, 715): "The adjustment of demands by counter-claim or set-off, rather than by independent suit, is favored and encouraged by the law, to avoid circuity of action and injustice. Florida Railway Co. v. Smith, 21 Wall. 255 [22 L. Ed. 513]."

■ This brings us to the concrete question, whether a separate debt may be set off against a joint and several obligation in a suit in equity, by the receiver of an insolvent national bank, when a personal decree is being sought against each of the individuals composing the partnership. The receiver contends that, while the debt to Mrs. Guess is several, the debt of the partnership to the bank is joint. The fundamental error in this is believed to lie in the distinction between joint and joint and several obligations. A partnership is not an entity distinct from its members. Blackwell v. Reid, 41 Miss. 102; Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 702, 57 L. Ed. 1029, L. R. A. 1915E, 706. In the latter case, Mr. Justice Holmes said: "But the fact remains as true as ever that partnership debts are debts of the members of the firm, and that the individual liability of the members ∙is not collateral like that of a surety, but primary and direct, whatever priorities there may be in the marshaling of assets. The nature of the liability is determined by the common law, not by the possible intervention of the bankruptcy act. Therefore ordinarily it would be impossible that a firm should be insolvent while the members of it remained able to pay its debts with money available for that end. A judgment could be got and the partnership debt satisfied on execution out of the individual estates." This case is cited and followed by the Supreme Court of Mississippi in Nashville Saddlery Co. v. Green, 127 Miss. 98, 89 So. 816. To the effect that the liability of partners is joint and several, see, also, Dinwiddie v. Glass, 111 Miss. 449, 71 So. 745; Bank of Tupelo v. Hulsey, 112 Miss. 332, 73 So. 621; Wise v. Cobb, 135 Miss. 673, 100 So. 189.

■ While the decisions of state courts are persuasive only, except as previously indicated, many, in actions at law, uphold the defendants' contention that the set-off should be allowed. Some, with blended legal and equitable jurisdictions, administer the relief without stopping to consider whether they are construing a statute or invoking inherent equitable powers. Wilson v. Exchange Bank, 122 Ga. 495, 50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597; Leach v. Lambeth, 14 Ark. 668; McAllister v. Millhiser, 96 Ga. 474, 23 S. E. 502; Boeger & Buchanan v. Hagen, 204 Iowa, 435, 215 N. W. 597, 55 A. L. R. 562; Loeb v. Loeb, 24 Okl. 384, 103 P. 570; McKay v. H. A. Hall & Co., 30 Okl. 773, 120 P. 1108, 39 L. R. A. (N. S.) 658; Pitcher v. Patrick's Adm'rs, Minor (Ala.)∙ 321, 12 Am. Dec. 54. In a note to Gregg v. James, 12 Am. Dec. at page 156, it is stated: "Where the demand sued is joint and several, any one of the defendants may set off a debt due to himself alone from the plaintiff. This is put on the ground that in reality there is a distinct action against each defendant in such a case for the whole debt, to which he may separately plead payment or tender out of his own money; and that a plea of set-off rests upon the same principle. [Citing authorities.]"

In 24 R. C. L. 866, the rule is thus stated: "It is established in most of the states that in a suit against two or more persons on a joint obligation, set-off is not available to less than the entire number of defendants. The reason of this rule is plain. A joint obligation is indivisible. Each one of the obligors is bound to the same extent and in the same manner as all the others. A separate judgment against less than the entire number would be impossible; and in this very fact of indivisibility lies the security to the obligee of accepting a joint obligation. But though contrary to the English rule, it is quite generally held in the United States that where two or more defendants are joined in an action to which they are severally liable, and in which a separate judgment may be taken against them, a cross demand in favor of any one of the defendants against the plaintiff comes within a fair construction of the requirement of mutuality, and may be asserted. This is put on the ground that in reality there is a distinct action against each defendant in such a case for the whole debt, to which he may separately plead payment or tender out of his own money; and that a plea of set-off rests upon the same principle. This rule has been made statutory in a number of states. Though the demand was originally joint, if it afterwards becomes separate, as in an action by a surviving partner, a separate debt due from him is a good

set-off. And if the plaintiff has treated an obligation as due from him to all the defendants he is estopped to allege that it is an obligation due to one only. In several jurisdictions it is held that one of the makers of a joint obligation may set off a debt due from the obligee to him individually, and in some jurisdictions all distinctions between joint and several obligations have been abrogated by statute. It seems that in the absence of any statute requiring it, a claim to recoup need not exist solely in favor of the defendant and against the plaintiff to the action, since it goes merely to the abatement of the plaintiff's recovery, and does not call for a judgment for any balance against him."

In Citizens' Bank of Greenville v. Kretschmar, 91 Miss. 608, 44 So. 930, 933, the court said: "The trend of all modern authority leans toward liberality in the allowance of set-offs, and particularly is this true in the case of the insolvency of the party against whom the set-off is claimed, to the end that only the true balance may be required to be paid to the representative of the estate of the insolvent."

No federal decision has been cited which can fairly be said positively to settle this controversy; but several by the Supreme Court of the United States indicate that it is in accord with Mississippi decisions on the subject, and that the rule in this case is the same whether the source of the right is the equitable doctrine or the local statute. In Tucker v. Oxley, 5 Cranch, 34, 40, 3 L. Ed. 29, there was a suit by the assignee of a bankrupt member of a partnership on an individual debt due the bankrupt. The firm of which the bankrupt was a member owed the defendants, and they were allowed to offset the firm debt against the individual debt. The court said: "It is a debt, which, by a suit against both the partners, might have been recovered against either of them, and either might have been compelled to pay the whole. Although due from the company, yet it is also due from each member of the company; and the claim of the creditor for its satisfaction extended, previous to the act of bankruptcy, to the whole property of each member of the firm, as well as to the joint property of the firm." From this it seems clear that, if Mrs. Guess had sued the bank to recover the amount of her individual deposit, the bank might have offset her several liability on the partnership note. In its opinion, the court distinctly held that the right of set-off is reciprocal. Therefore, Mrs. Guess should have the same right, in the absence of any intervening equities of her individual creditors, as the receiver would have had if she had sued him. There is dictum by the Chief Justice that "at law, independent of the statute of bankruptcy, the court is of opinion that this discount could not have been made in a suit instituted by Thomas Moore against the Tuckers"; but, while what the court said is entitled to respectful consideration, it is not so important as what the court did, and the court actually decided that the set-off should be allowed under a statute which provided for the same in the case of "mutual debts" between the bankrupt and any other person (2 Stat. 33, § 42); and that the right was a reciprocal one. In addition, the present suit is not at law, but in equity where the rules are flexible and the remedies expansive. Union Pac. R. Co. v. Chicago, R. I. & P. R. Co., 163 U. S. 564, 601, 16 S. Ct. 1173, 41 L. Ed. 265.

On the other hand, if it be conceded that the statute (2 Stat. 19) which was being construed in Tucker v. Oxley was different from the rule prevailing at law or in equity, then section 537 of the Mississippi Code of 1930 creates the right of set-off (a substantive right) "where a mutual indebtedness exists between the plaintiff and defendant," language practically identical in meaning with section 42 of said Bankruptcy Act. This right with the construction put upon it by the highest court of the state (Bergman v. Bly [C. C. A.] 66 F. 40; National Bank of Oxford v. Whitman [C. C.] 76 F. 697), was written into all contracts between persons dealing together in Mississippi (as were the parties in this case) and will be enforced in the federal court (R. S. § 721 [28 USCA § 725]). The prototype of the Mississippi statute (section 1551, Code 1880) was construed in Eyrich v. Capital State Bank, 67 Miss. 60, 6 So. 615, in which it was held that a bank may apply the individual deposit of a partner to the payment of a firm debt due the bank. It is true that the case at bar is in equity, but equity follows the law, and if the right of set-off has been enlarged by local statute; the jurisdiction in equity is sufficiently expansive to administer the remedy necessary to protect the right. Holland v. Challen, 110 U. S. 15, 24, 3 S. Ct. 495, 28 L. Ed. 52; Reynolds v. First Nat. Bank, 112 U. S. 405, 5 S. Ct. 213, 28 L. Ed. 733; U. S. v. Wilson, 118 U. S. 86, 6 S. Ct. 991, 30 L. Ed. 110. It may be suggested that the Mississippi statute was merely intended to enable legal tribunals to recognize the equitable doctrine of set-off, which was unknown to the common law. We have seen that the better modern view regards set-off as

a substantive right, and this is the view which is contended for in the briefs on behalf of the receiver. A different contention under this statute would not only be inconsistent, but, if upheld, would not improve his status, because, if both statutes (chapter 39 and section 537, Miss. Code 1930) be held to be remedial, set-off becomes a question of procedure, and, at law, the federal court will follow state statutes and decisions in procedural matters. R. S. § 914 (28 USCA § 724). In this view, at law, we see that the set-off should be allowed; and in a federal equity court a set-off should not be denied, when if the case were on the law side of the same court it would be allowed. If such a situation existed, it would be the duty of the court to transfer the case or, at least, the particular issues of debt and set-off, to the law side. Equity Rules 22 and 23 (28 USCA § 723); 28 USCA § 397; Edward Hines Lumber Co. v. Bowers (Miss.) 238 F. 782, 151 C. C. A. 632; Chanslor-Canfield Midway Oil Co. v. U. S. (C. C. A.) 266 F. 145; Id., 258 U. S. 631, 42 S. Ct. 273, 66 L. Ed. 801; Liberty Oil Co. v. Condon Nat. Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232.

The correct view is thought to be, as stated, that set-off is a matter of substantive right. It was born in equity, but under statutory authority has been adopted by courts of law in probably all of the states. Following its adoption at law, courts of equity, wherever there was applicable the doctrine that "equity follows the law," applied the benefits of any broader defense given by the statute without yielding its primitive jurisdiction in those instances where the law originally did not afford an adequate remedy. The relief afforded by the statute being essentially equitable, the fact that jurisdiction in such cases had been given to courts of law within the state did not deprive equity of its original jurisdiction. De la Vergne Refrig. Mach. Co. v. Montgomery Brewing Co. (C. C.) 46 F. 829. Where the statute enlarges a remedy in equity, or creates a new one, or enlarges an equitable right, either or both will be enforced in the federal courts of equity. Thus, relief in equity is ordinarily as great and sometimes greater than at law; and, therefore, defendants in the federal courts may avail themselves of state laws "concerning the right of set-off generally." Partridge v. Insurance Co., 15 Wall. 573, 580, 21 L. Ed. 229. In the case just cited, at page 580 of 15 Wall., the court said: "It would be a most pernicious doctrine to allow a citizen of a distant State to institute in these courts a suit against a citizen of the State where the court is held and escape the liability which the laws of the State have attached to all plaintiffs of allowing just and legal set-offs and counter claims to be interposed and tried in the same suit and in the same form."

If it be conceded that Tucker v. Oxley extends the allowance of set-offs under the Bankruptcy Act beyond that technical operation previously given the term "mutual debts" in ordinary cases, nevertheless Mrs. Guess has the Mississippi statute (section 537, supra) to rely on, conferring a substantive right, construed by the Mississippi court, and holding that the bank had the right to set off Mrs. Guess' individual deposit against her several liability on the firm debt. This is supplemented by Tucker v. Oxley at least to the extent of holding that the right of set off is reciprocal, and that she has the same right in a suit by the bank against her. The right to prove a partnership debt against the estate of a bankrupt member, emphasized in Tucker v. Oxley, is analogous to the right to sue separately an individual partner who is not a bankrupt.

In Gray v. Rollo, 18 Wall. 629, 631, 21 L. Ed. 927, the court declined to allow Moses Gray to offset his one-half interest in the proceeds of a fire insurance policy due to him and his brother, Franklin Gray, doing business under the firm name of Gray Brothers, against two promissory notes made by Gray jointly with one Gaylord, because it said: "It is clear that these claims are not mutual debts. They are not between the same parties." The court distinguished Tucker v. Oxley, as follows: "The case of Tucker v. Oxley, which arose out of the Bankrupt Act of 1800, has been pressed upon our attention by the counsel of the appellant, on the supposition that it is decisive in his favor. The clause relating to set-off contained in that act does not materially differ from the corresponding clause in the act of 1867. Mutual credits given, and mutual debts existing, before the bankruptcy, are made the ground of set-off in both acts. But the case of Tucker v. Oxley will be found to differ from the present. There two persons by the name of Moore, being partners, became indebted to Tucker. They afterwards dissolved partnership, and Tucker became indebted to one of them, who continued the business, and who afterwards became bankrupt. Oxley, the assignee, sued Tucker for this debt, but the latter was allowed to set off his claim against the two. The court put the decision upon the ground that the

debt due from the two Moores to Tucker could have been collected from the property of either of them, and was provable under the bankruptcy proceedings against the estate of him who became bankrupt, and hence it might be set off against any claim which the bankrupt had against Tucker. The case, therefore, was the same as the case before us would have been if the complainant had been solely entitled to the insurance-money, and if he and not the company had become bankrupt. In such case, the company, according to the case of Tucker v. Oxley, could have set off the notes of the complainant and Gaylord against the claim for insurance. The reciprocal form of this rule would have enabled the complainant to succeed in this case had he been the sole claimant of the money due for insurance. In other words, the case of Tucker v. Oxley decides that a joint indebtedness may be proved and set off against the estate of either of the joint debtors who may become bankrupt, and the fact that it may be subject to be marshaled makes no difference. The joint debtors are severally liable in solido for the whole debt. But the case does not decide that a joint claim, that is to say, a debt due to several joint creditors, can be set off against a debt due by one of them. If a debt is due to A. and B., how can any court compel the appropriation of it to pay the indebtedness of A. to the common debtor without committing injustice toward B.? The debtor who owes a debt to several creditors jointly cannot discharge it by setting up a claim which he has against one of those creditors, for the others have no concern with his claim and cannot be affected by it; and no more can one of several joint creditors, who is sued by the common debtor for a separate claim, set off the joint demand in discharge of his own debt, for he has no right thus to appropriate it. Equity will not allow him to pay his separate debt out of the joint fund. And if he had the assent of his co-obligees to do this, it would be unjust to the suing debtor, because he has no reciprocal right to do the same thing."

In Beauregard v. Case, 91 U. S. 134, 23 L. Ed. 263, which was an action by the receiver of an insolvent national bank against partners, who in the particular jurisdiction were liable severally only for their proportionate part of the firm indebtedness, it was held that one partner could not set off against his separate liability a separate indebtedness due to another partner who was not a party to the suit, but the court stated that such partner might set off his personal demand against the debt of the firm. This, to use a term of Mr. Justice Cardozo, is "considered dictum," favorable to the defendants, at a later date than that previously quoted from Tucker v. Oxley, and consonant with the substantive right conferred by the Mississippi statute (section 537), as construed by the Mississippi court in Eyrich v. Capital State Bank, supra.

█ Adding to the force of these cases the facts that a receiver takes the assets of an insolvent bank subject to all legal or equitable claims that might have been interposed against the insolvent corporation, that there are no individual creditors of Mrs. Guess to be prejudiced, and that no question of marshaling assets between individual and partnership creditors is presented, we think in a court of equity, the birthplace of the doctrine, the set-off should be allowed to the extent requested. Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Fidelity & Deposit Co. v. Howard (C. C. A. 5) 67 F.(2d) 961.

█ There remains only the necessity to consider the equities of other depositors. They have none, except in the assets of the bank at the time it closed. We have seen that the receiver took the note sued on subject to all proper offsets which at that time existed against the insolvent corporation. If this note were unsecured and uncollectible, it would be to the interest of other depositors to allow the set-off, and we cannot doubt the receiver would do so. A substantive right of this nature does not depend upon the accident of advantage to either side. It is a reciprocal right that arises out of the facts at every stage of mutual dealings between the parties. If the receiver has the right to charge the partnership note to Mrs. Guess against her will, under the same facts he should be required to do so against his will. Since the insolvent bank could not fairly object to the payment of this debt by Mrs. Guess out of her individual funds, the court will not permit the receiver to do so.

█ Having denied a proper offset sufficient to extinguish the partnership indebtedness, the receiver is not entitled to the attorney's fees provided for in the note in case of default in payment.

An appropriate decree may be entered.