## JENNINGS v. GARY STATE BANK.
### No. 5233.

Circuit Court of Appeals, Seventh Circuit.
Dec. 15, 1934.

Willis C. McMahon, Oscar C. Strom, and George W. Hulbert, all of Gary, Ind., for appellant.

Kenneth Call, of Gary, Ind., for appellee.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This is an appeal from a judgment in favor of the defendant in an action at law. The case was tried by the court, without a jury.

The salient facts were stipulated. On January 2, 1932, there were three banks in the city of Gary, Ind.: First National Bank, National Bank of America (for which appellant is receiver), and the Gary State Bank. There was an organization known as the "Gary Clearing House Association." Messengers from the member banks met in a room in the First National Bank building at 9:30 a. m. of each business day for the purpose of presenting and exchanging checks and settling the differences of the member banks. On January 2, 1932, the clearings made were against the National Bank of America in the sum of $3,264.04. It drew its draft for that amount on the Continental Illinois Bank & Trust Company, payable to the Gary Clearing House Association, which indorsed the draft and delivered it to defendant the Gary State Bank.

On that day, at about 12:45 p. m., the messengers from the three banks met for the purpose of returning all items which had been presented at 9:30 a. m. of said day and which for various reasons had not been honored and paid.

Of the items drawn on the National Bank of America and which the Gary State Bank had presented in the morning session, items amounting to $977.89 were not honored and paid by the National Bank of America. These items were returned to the Gary State Bank, and the Gary State Bank gave the National Bank of America a duebill, stating that the Gary State Bank owed the National Bank of America the said sum of $977.89.

The banks in Gary closed at 1 o'clock on January 2d, and before this closing hour the National Bank of America received, in the course of business, checks on the Gary State Bank aggregating $7,506.17.

The National Bank of America did not open for business the following Monday morning, January 4th. An assistant national bank examiner took charge before the regular opening hour, found the checks on the Gary State Bank in the sum of $7,506.17, and the duebill for $977.89, and, a few minutes after the Gary State Bank opened for business on that day, presented them for payment and demanded cash therefor. The Gary State Bank accepted the checks, with the exception of checks amounting to $186.11, but insisted it had the right to set-off the draft for $3,264.04. This was refused by the bank examiner, and this suit was brought by appellant, the receiver.

The legal question presented on this appeal is well stated by counsel for appellee in his brief: "Did the appellee, The Gary State Bank, have the right to set-off the amount of the draft acquired by it on Saturday morning, January 2, 1932, drawn by the National Bank of America on the Continental Illinois Bank and Trust Company for $3,264.04 against the due bill given by said The Gary State Bank to said National Bank of America and the checks acquired by the National Bank of America drawn on The Gary State Bank during the regular business hours on Saturday, January 2, 1932, and presented at said The Gary State Bank for payment and

accepted by said The Gary State Bank on Monday, January 4, 1932, after the assistant national bank examiner had taken charge of the assets of said National Bank of America?"

When the National Bank of America closed its doors, it owed the Gary State Bank $3,264.04. The Gary State Bank owed the National Bank of America $977.89 on the duebill, and the National Bank of America held checks on the Gary State Bank in the sum of $7,506.17. Upon their presentation and acceptance by the Gary State Bank, a right of action accrued to the National Bank of America. Had the National Bank of America chosen to sue thereon, the Gary State Bank would have been entitled to set off the sum of $3,264.04 had the receivership not intervened. The receiver was in no more favorable position than the National Bank of America occupied. He took the assets of the bank subject to all claims and defenses that might have been interposed as against the insolvent corporation before the liens of the United States and of the general creditors attached. It makes no difference that the right of action of the closed bank had not matured at the time said bank was closed if the set-off which is claimed was acquired before the closing of the bank.

In the case of Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 151, 36 L. Ed. 1059, the court said: "Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted, which can justly be held to form part of the assets of the insolvent. The requirement as to ratable dividends is to make them from what belongs to the bank, and that which at the time of the insolvency belongs of right to the debtor does not belong to the bank."

We think that the District Court correctly decided the questions of law presented by this case, and that the judgment must be affirmed upon the authority of the following cases: Scott v. Armstrong, 146 U. S. 499, 13 S. Ct. 148, 36 L. Ed. 1059; Yardley v. Clothier (C. C.) 49 F. 337; Ellerbe v. Studebaker Corporation of America (C. C. A.) 21 F.(2d) 993; Storing v. First Nat. Bank of Minneapolis, Minn. (C. C. A.) 28 F.(2d) 587; Barrington v. Maner (C. C. A.) 54 F.(2d) 917; Wisdom v. Guess Drycleaning Co. (D. C.) 5 F. Supp. 762; J. L. Hudson Co. v. Thomas (D. C.) 6 F. Supp. 857.

Affirmed.