264 So.2d 409 (1972)
SCOTT COMPANY OF CALIFORNIA et al.
v.
ENCO CONSTRUCTION COMPANY et al.
No. 46732.
Supreme Court of Mississippi.
June 19, 1972.
Daniel, Coker, Horton, Bell & Dukes, L. Kenneth Krogstad, Forrest W. Stringfellow, Jackson, for appellants.
Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellees.
GILLESPIE, Chief Justice:
Suit was filed in the Circuit Court of the First Judicial District of Hinds *410 County, Mississippi, by Scott Company of California, a California corporation (Scott), Sam P. Wallace Company, Inc., a Texas corporation (Wallace), and Eckco Mechanical Contractors, Inc., a Louisiana corporation (Eckco), doing business as a joint venture under the name of Scott-Wallace-Eckco, against Enco Construction Company, Inc., and Earl W. Nunneley (defendants). Scott-Wallace-Eckco, as plaintiffs, alleged that in performing some contractual obligations for the United States at the Mississippi Test Facility in Hancock and Pearl River Counties, the plaintiffs were damaged by the negligent acts of defendants. Defendants' motion to dismiss the suit was sustained because Eckco, one of the corporate plaintiffs, was a non-resident corporation and had failed to qualify to do business in the State of Mississippi.[1] Plaintiffs appeal. We affirm.
The three corporate plaintiffs, all non-residents of the State of Mississippi, were successful bidders for certain construction work in Mississippi. Before undertaking the performance of the contract, a joint venture agreement was entered into by the three corporations. Under this agreement, the parties agreed to operate under the name of Scott-Wallace-Eckco, and the obligations under the construction contract were to be joint and several; Scott was designated as the sponsoring joint venturer to perform the contract on behalf of the joint venture; the interest of the parties to any profits derived from the contract was to be as follows: Wallace, 45%; Scott, 45%; and Eckco, 10%; all parties agreed to execute indemnity agreements to secure the necessary performance bonds, and all financial obligations and liabilities were to be shared in the proportion above stated; all working capital when and as required was to be furnished proportionately in accordance with their respective interests; and all funds advanced by the joint venturers were to be deposited in a joint venture account to be established by Scott. The lengthy contract also provided for various other matters, including audits, sharing of profits and losses, and disposition of assets acquired in the performance of the contract.
The only testimony offered was that of the president of Eckco, who in effect testified that Eckco's connection with the transaction was limited to furnishing its share of the capital needed to carry out the contract, which it did by sending a check to Scott whenever that company requested such. During the performance of the contract Eckco did not have any of its corporate officers or employees in Mississippi. All of the actual performance of the contract was accomplished by Scott.
Mississippi Code 1942 Annotated section 5309-239 (1971) provides in part as follows:
No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state. Nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state... .
We hold that every member of a joint venture is transacting business in this State when one of the joint venturers is transacting in this State the business for which the joint venture was created. 17 Fletcher, Cyclopedia of the Law of Private Corporations, § 8500, p. 669 (1960). Scott, as the sponsoring joint adventurer, was physically present in this State, and was acting for all three corporate joint adventurers. Each of said corporations, therefore, is deemed to have been "transacting business" in this State within the meaning *411 of Mississippi Code 1942 Annotated section 5309-239 (1971).
In Blackwell v. John Reid & Co., 41 Miss. 102 (1866), this Court held that partners cannot sue in the name of the partnership, but only in the names of the individual members who compose the partnership. Furthermore, all the partners ordinarily are necessary parties plaintiff where the subject matter of inquiry is injury to the partnership property or partnership business. 60 Am.Jur.2d, Partnership § 325, p. 215 (1972). This is because a partnership is not regarded as a legal entity. This restriction to the right to sue applies likewise to joint venturers. The rights, duties, and liabilities of joint venturers are similar to those of partners. Tansil v. Horlock, 204 So.2d 457 (1967). In fact, there is no real difference between joint venture and a partnership except that the former is limited to a single transaction or a series of similar transactions and the latter usually relates to a general and continuing business of a particular kind. Sample v. Romine, 193 Miss. 706, 8 So.2d 257, 9 So.2d 643, 10 So.2d 346 (1942).
All members of the joint venture were required to be parties to this suit and were in fact parties. It follows that since Eckco was disqualified under the statute, the suit is not maintainable. If this were not so, a nonresident corporation could associate itself in a joint venture or partnership and through other members transact business in this State in disregard of the laws of this State, and then invoke the protection of the laws in the courts of this State. Mandel Bros., Inc. v. Henry A. O'Neil, Inc., 69 F.2d 452 (C.A.8, 1934); Ashland Lbr. Co. v. Detroit Salt Co., 114 Wis. 66, 89 N.W. 904 (1902); Harris v. Columbia Water & Light Co., 108 Tenn. 245, 67 S.W. 811 (1901).
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.
NOTES
[1] Scott and Wallace had qualified to do business in Mississippi.