

# The Attorney General of Texas

March 10, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Edward O. Coultas
Executive Director
State Bar of Texas
P. O. Box 12487, Capitol Station
Austin, Texas    78711

Opinion No. JM-7

Re:    Whether    District    of
Columbia professional corpora-
tion needs a certificate of
authority to transact business
in Texas

Dear Mr. Coultas:

You ask whether an individual who practices law in the District of Columbia and is not licensed to practice in the state of Texas, yet who is a partner in a general partnership organized under the laws of the state of Texas, may incorporate a professional corporation under the laws of the District of Columbia and substitute it for himself as a partner in the Texas partnership. If so, you then ask whether the foreign professional corporation is deemed to be transacting business in the state of Texas and is thus required to obtain a certificate of authority from the secretary of state.

In our opinion, any corporation acting as a general partner of a Texas partnership transacting business in Texas is itself transacting business in Texas. See Attorney General Opinion WW-191 (1958). A partnership under the Texas Uniform Partnership Act is defined as "an association of two or more persons to carry on as co-owners a business for profit." V.T.C.S. art. 6132b, §6. The term "persons" includes corporations. V.T.C.S. art. 6132b, §6-A. This definition also pertains to professional corporations by virtue of article 1528e, section 5, V.T.C.S., which provides that "professional corporations shall enjoy the powers and privileges and be subject to the duties, restrictions and liabilities of other business corporations except insofar as the same may be limited or enlarged by this Act." If the partnership business is carried on in Texas, each partner is also transacting business in this state, because every partner is an agent of the partnership for the purpose of partnership business, and every partner has an equal right in the management and conduct of the business. V.T.C.S. art. 6132b, §§9, 18. See Scott Company of California v. Enco Construction Company, 264 So.2d 409 (Miss. 1972); 17 W. Fletcher, Cyclopedia of the Law of Private Corporations, §8464 (1977). Cf. Williams v. Freeport Sulphur Company, 40 S.W.2d 817, 824 (Tex. Civ. App. - Galveston 1931, writ ref'd).

Thus, in order for the professional corporation/partner to transact business in this state, it would be necessary for the corporation to be authorized to do business in Texas. The Texas Professional Corporation Act, article 1528e, V.T.C.S., does not provide for the registration of foreign professional corporations in Texas. Such authority may not be obtained by registration as a foreign corporation under the Texas Business Corporation Act. Section 5 of the Texas Professional Corporation Act provides that the Texas Business Corporation Act shall be applicable to professional corporations except to the extent that the provisions of the Texas Business Corporation Act conflict with the provisions of the Texas Professional Corporation Act. The failure of the Texas Professional Corporation Act to provide for the registration of foreign professional corporations indicates the legislature's intent that such corporations not be authorized to do business in the state of Texas. Use of the provisions of the Texas Business Corporation Act to supply such authority would constitute a conflict with the Texas Professional Corporation Act. Although the Texas Professional Corporation Act has not been construed by a court in this regard, at least one other jurisdiction has found that the failure of its professional corporation act to provide for the registration of a foreign professional corporation prohibits a foreign professional corporation from doing business in the state. Dalton, Dalton, Little, Inc. v. Mirandi, 412 F. Supp. 1001 (D. N.J. 1976). Accord, Ariz. Op. Att'y Gen. 71-38 (Oct. 27, 1971); N.C. Op. Att'y Gen. (Aug. 26, 1970); Minn. Op. Att'y Gen. 92b-18 (Apr. 6, 1965). In our opinion, in order for the professional corporation which is the subject of your request to be able to transact business in this state as a partner in the practice of law, that corporation will have to comply with the provisions of the Texas Professional Corporation Act. That is, it will have to become a domestic professional corporation in the state of Texas.

## S U M M A R Y

A foreign corporation that is a partner in a general partnership organized under the laws of the state of Texas is deemed to be transacting business in the state and, thus, is required to obtain a certificate of authority from the secretary of state. The same rule would apply to a foreign professional corporation, except that the secretary has no authority to grant the certificate to a foreign professional, rather than business, corporation. The absence of any licensing provision for a foreign corporation to do business in the state of Texas indicates that the legislature did not wish to allow a foreign professional corporation to carry on any

activities that amount to transacting business in this state.  Thus, because being a partner would amount to transacting business in this state, and the foreign professional corporation could not be licensed under the usual corporation licensing provisions, the foreign professional corporation may not participate as a partner in a partnership organized under the laws of the state of Texas.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Catherine B. Fryer
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Catherine B. Fryer
Rick Gilpin
Jim Moellinger